100 N.J. Super. 590 (1968)
242 A.2d 858
THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
ANDREW SLOBISKI, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 29, 1968.
Decided May 9, 1968.
*591 Before Judges SULLIVAN, FOLEY and LEONARD.
Mr. Edward J. Phelan, Assistant Prosecutor, argued the cause for appellant (Mr. Vincent Panaro, Mercer County Prosecutor, attorney).
Mr. George L. Pellettieri argued the cause for respondent (Messrs. Pellettieri & Rabstein, attorneys; Mr. Charles J. Casale, Jr., on the brief).
The opinion of the court was delivered by SULLIVAN, S.J.A.D.
The State appeals from an order of the County Court dismissing an indictment. The order for dismissal was entered because of the refusal of the assistant prosecutor to commence the trial on the indictment after the case had been reached for trial on the calendar of ready cases.
In April of 1967 defendant was indicted on a charge of causing death by motor vehicle, the incident having allegedly occurred in December 1965. A bill of particulars was served upon the prosecutor which was not fully answered until January 2, 1968. In the meantime, the case was carried on the trial list from September 1967.
On January 3, 1968 a new trial list for criminal cases was promulgated. The instant case was No. 14 on the list and was marked ready. Towards the end of the month the case appeared on the daily call as No. 6 on the list and was again *592 marked ready for trial. Thereafter, the case was carried ready from day to day until finally it was reached for trial on Thursday, February 1, 1968.
On January 31, 1968 the assistant prosecutor telephoned the attorney for defendant and, after ascertaining that defendant was ready to go to trial, stated that he would call counsel by 4:00 P.M. of that day if he anticipated any difficulty in commencing trial the following morning. No such call was received.
On February 1, when the case was called, the assistant prosecutor stated that the State was not ready to move the indictment because it intended to call some 18 witnesses, members of several police departments, and he had been unable to have the subpoenas issued for these witnesses.
At this point counsel for defendant moved to dismiss the indictment on the ground that defendant was prepared to proceed and the State had been on notice for some time that the case would reach trial shortly and had ample opportunity to prepare for trial.
The trial court pointed out that it was then Thursday afternoon and that on Friday the court had a full calendar of pleas, sentences and motions, and that the most that could be accomplished then was the selection of a jury and possibly the openings, and that the trial itself would not actually begin until the following Monday.
The assistant prosecutor stated that he could not represent that the subpoenas would be served in time for a trial on the following Monday and he felt the State would be prejudiced if a jury was empaneled and the State did not have its witnesses present.
When the court indicated that it would dismiss the indictment unless the State went to trial, the assistant prosecutor called the court's attention to R.R. 3:11-3(b), which provides:
"At any time after 6 months following the return of an indictment or the filing of an accusation, the Assignment Judge may direct that the trial of the indictment or accusation shall be moved upon a *593 day specified. Upon failure of the prosecuting attorney to comply with such order, the Assignment Judge may order the indictment or accusation dismissed, which dismissal shall be the equivalent of a judgment of acquittal."
In making its ruling that the indictment would be dismissed unless the State proceeded to trial, the court said:
"This is the oldest active pending indictment in Mercer County. The best I can see from a cursory examination of the trial list the indictment was returned April 28, 1967. If there are older active indictments I am informed by the assignment clerk that they were also returned in April 1967. This case has been on the trial list for many months.
The latest assignment for trial was on the trial list for cases to be moved commencing Wednesday, January 3, 1968. That trial list contained 64 cases. This case was No. 14 on that list. The State has had continuous notice, certainly since January 3, when this list was called the case was to be moved for trial.
About a week ago Mr. Phelan was in attendance at this court on the daily call of cases for trial at which time a list of cases then marked ready was prepared and we have been working from that list since that time, at which time this case was listed No. 6 ready for trial.
In addition, we have had two judges sitting this week on criminal court and Judge Gebhardt has been trying, without success, Monday, Tuesday, Wednesday, and Thursday to start a case. The most the prosecutor's office could provide him with was one case in which a jury was selected and the case adjourned until Monday.
Such use of our court system cannot be tolerated. I have heard nothing which convinces me this case cannot proceed as scheduled. I understand that Mr. Phelan is to leave on vacation on Wednesday and I feel that is the primary reason the State is not ready. While I sympathize with Mr. Phelan, I have no criticism of him since he has just completed a trial of one week and has a perfect right to go on his vacation. There are a number of prosecutors, there is no reason why this case cannot be moved at this time and another prosecutor, after the selection of the jury, able to familiarize himself with the file and the case moved on Monday.
If that is still the State's position I will rule on the motion."
Upon the refusal of the assistant prosecutor to commence trial, defendant's motion was granted and an order dismissing the indictment entered.
On this appeal the argument made by the State is that the trial court could not summarily dismiss an indictment because of the alleged failure of the State to move such indictment for *594 trial until there had been a full compliance with the provisions of R.R. 3:11-3(b). In effect, the State argues that only the assignment judge had the power to dismiss the indictment, and then only after a day certain for trial had been fixed by the assignment judge pursuant to R.R. 3:11-3 (b).
We conclude that the dismissal of the indictment herein does not run afoul of the provisions of R.R. 3:11-3(b). This case had been assigned to the County Court for disposition pursuant to R.R. 3:4-1, placed on the trial calendar and carried for months. It had been marked ready on the January 3, 1968 calendar and, during the week preceding February 1, 1968, was carried from day to day on a ready basis until it was reached for trial. At this eleventh hour the State, for the first time and without notice to defendant, took the position that it was not ready and could not be ready by the following Monday, even though the court pointed out that there was ample opportunity to subpoena necessary witnesses.
The trial court, in the exercise of its control over the trial calendar, had the power to dismiss the indictment when the case had been reached for trial and the State without good reason refused to proceed. This dismissal was not entered under the provisions of R.R. 3:11-3(b), but was based on the inherent power of the court to control cases on its own trial calendar.
We recognize the public interest involved in the administration of criminal justice. Dismissal of an indictment for failure to prosecute should be ordered only when clearly warranted. Here the prosecutor's office had ample notice that this case was being reached for trial. The reason given for not being ready was not valid. The refusal to accede to the trial court's suggestion made it plain that the prosecutor's office was attempting to frustrate the trial court's control over its own trial calendar. Under the facts and circumstances here presented, the action taken by the trial court was fully justified.
The order of dismissal is hereby affirmed.